KENWORTHY et al. v. HIRST.

(Circuit Court, E. D. Pennsylvania. July 13, 1903.)

No. 3.

1. PLEADING—AFFIDAVIT OF DEFENSE—SUFFICIENCY.

Under the rule that an affidavit of defense is sufficient if it sets forth a substantially good defense, giving to its averments a reasonable intendment, an averment in a statement of claim that on a certain date there was a balance due plaintiffs upon an agreed settlement of account is sufficiently answered by an affidavit of defense categorically denying that on such date there was an agreed settlement of account, which must be construed to mean that on such date no such agreed settlement was in existence; the ambiguity, if any, as to the date of the settlement having its origin in the declaration.

2. SAME.

An affidavit of defense to a statement of claim on an account for goods sold and delivered, setting up the contract under which the goods were purchased, and its breach by plaintiffs, considered, and *held* sufficient.

At Law. On rules for judgment for insufficient affidavit of defense.

Charles H. Edmunds and John Sparhawk, Jr., for plaintiffs.
R. C. Dale, for defendant.

DALLAS, Circuit Judge. The plaintiffs' statement of claim is the equivalent of the common count for goods sold and delivered, with a bill of particulars annexed, which is alleged to be a copy of the plaintiffs' book of original entry. The first item of this bill is: "Jan. 1, 1897. To balance due plaintiffs upon agreed settlement of account, $40,260.09." I think a mistake must have occurred in presenting this as an entry contained in a book of account, for it is improbable that the word "plaintiffs" would be employed by a bookkeeper, especially at a time when, so far as appears, there was no pending litigation between the parties. But, be this as it may, it certainly is not a charge for goods sold and delivered, and its association with the statement of claim can be made available to the plaintiffs only by regarding it as, in effect, a separate count for money due and owing upon an

account stated and settled. The date is specified without a videlicet, and a plea traversing the allegation of settlement as of that date would, I think, even under the old system, be a good one. But, whatever may be the rule of strict pleading, an affidavit of defense is sufficient if "it sets forth substantially a good defense, * * * giving to its averments a reasonable intendment." Hoopes v. Bank, 102 Fed. 448, 42 C. C. A. 436. It is entitled, at least, to as much liberality in construction as may be accorded to the statement to which it is responsive; and therefore, if in this instance the peculiar terms of the plaintiffs' claim may be interpreted to mean that a previously agreed settlement of account was in existence on the 1st day of January, 1897, then surely the defendant's categorical answer that "it is not true, as is averred in said statement, that on January 1, 1897, there was an agreed settlement of account," should, in fairness, be taken to import that no such agreement, at any time made, was existent on that day. In short, if there really is any ambiguity respecting this matter of date, the fault originated in the declaration, not in the affidavit. Whatever the plaintiffs may have intended to allege, the defendant has met by a positive denial, and, as nothing more could be required of him, a judgment for want of a sufficient affidavit of defense cannot be awarded.

The plaintiffs, however, have taken an additional rule for judgment "for the portion or portions of plaintiffs' claim as to which the court shall adjudge the affidavit of defense to be insufficient"; and under this latter rule, the affidavit, as related to the remaining debit items of the account, is still to be considered. They consist, exclusive of interest, wholly of charges for yarn sold and delivered. No contract of sale is set forth or mentioned. No doubt, a cause of action is alleged, but the terms or conditions, other than prices, of the sales and purchases are not specified. These are, for the first time, referred to in the affidavit of defense. It is there averred that the yarns purchased by the defendant from the plaintiffs did not correspond in quality and quantity with the items of the plaintiffs' statement; that "much of the yarn delivered by the plaintiffs to the defendant, for which this suit is brought, was not yarn such as the plaintiffs had promised to deliver; * * * instead of being pure yarn, it was made up of shoddy, and borax and soap were added for the purpose of giving it weight." As to the alleged deficiency in quantity, it is averred "that on the gray yarn sold by the plaintiffs to me [defendant] from July 13, 1893, to April 25, 1900" (settlement as of or before January 1, 1897, having been previously denied), "the actual length was twenty per cent. less than the amount charged." And it is further averred "that the usual loss in the weight in cleaning yarn of the character which the plaintiffs contracted to sell to the defendant is from 16 per cent. to 18 per cent., but that by reason of the large amount of foreign matter contained in the yarn supplied by plaintiffs to defendant, the loss was from 25 per cent. to 35 per cent., or on the average of at least 10 per cent. in weight more than the loss which should have occurred."

I have included in the foregoing epitome only those portions of the affidavit which I deem to be of most importance, and I feel myself constrained to hold that they aver the contract between these parties,

and its breach by the plaintiffs, with sufficient particularity and fullness to send the case to a jury. Hoopes v. Northern National Bank, 102 Fed. 448, 42 C. C. A. 436. I have not referred to the affiant's statements of damages, set-off, and counterclaim, because the solution of the questions which they involve is not essential to the proper adjudication of the matter now before the court. Id.

Both of the plaintiffs' rules for judgment are discharged.